KENNETH WINTER, NORMAN HERIAN, REUBEN BRETSCHNEIDER, JOHN SILHACEK, CAROL SILHACEK, MAYNARD ABLER, WILLIAM KROUPA, MARY VOECKS, KENNETH CHRISTENSEN, AND ALVIN VYHLIDAL, APPELLANTS, V. LOWER ELKHORN NATURAL RESOURCES DISTRICT, RICHARD ALEXANDER, RICHARD HAHN, HOWARD HANSEN, ROBERT JORDAN, LOWELL JOHNSON, DALE LINGENFELTER, WILLIAM MEYER, PAUL MILLARD, DENNIS NEWLAND, GLEN OLSON, BURT PETERSON, VAL PETERSON, JOHN THOR, RAY VOGEL, CLINTON VON SEGGERN, MELVIN VON SEGGERN, HAROLD WAGNER, AND HOSKINS-WESTERN-SONDEREGGER, INC., APPELLEES.

291 N. W. 2d 245

Filed April 15, 1980. No. 42728.

John E. North and Mark E. Belmont of McGrath, North, O'Malley & Kratz, P.C., for appellants.

Jewell, Otte, Gatz, Collins & Domina, for all appellees except Hoskins-Western-Sonderegger, Inc.

Cline, Williams, Wright, Johnson & Oldfather, for appellee Hoskins-Western-Sonderegger, Inc.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from an injunction action brought by the appellants, who are residents and taxpayers of the Lower Elkhorn Natural Resources District (hereafter LENRD), against the LENRD and the individual members of the board of directors

of that district (hereafter Board), as well as Hoskins-Western-Sonderegger, Inc., an engineering firm which contracted with the LENRD. The action arose from the activities of the LENRD in planning for and adopting a recreational project, referred to as the Willow Creek Project.

The case was submitted to the District Court for Pierce County, Nebraska, on stipulated facts and exhibits. It is not necessary to give a complete summary of the historical development of the Willow Creek Project. The salient facts are these. The Willow Creek Project, which will comprise a total of 1,730 acres for a dam, lake, and recreational facilities, was first considered by the LENRD on November 29, 1973. The Board then authorized the staff to proceed with the planning. From that time until December 16, 1977, when the written approval of the Nebraska Game and Parks Commission was obtained, the Board hired two engineering firms to complete various engineering, technical, economic, and environmental studies. Approximately $44,000 was expended for those services. The estimated cost of the Willow Creek Project is $5.2 million. The Willow Creek Project was adopted by the Board on June 22, 1978, as recorded in the minutes of that meeting. At the time of trial, it was stipulated that the LENRD had not made application to the Nebraska Department of Water Resources for a permit to appropriate water.

Residents and taxpayers of the LENRD contended that certain expenditures made by the LENRD were improper on the following grounds: (1) That the LENRD failed to obtain the written approval of the Nebraska Game and Parks Commission prior to the development and adoption of plans for the Willow Creek Project; (2) That the directors of the LENRD exceeded their statutory authority in authorizing the expenditure of public funds for the development of the plans for the Willow Creek Project; and (3) That

the LENRD failed to obtain a water permit prior to developing plans for the Willow Creek Project.

The District Court sustained the demurrer of Hoskins-Western-Sonderegger, Inc., to the second cause of action in appellants' amended petition and, subsequently, the demurrer of all the appellees to the second cause of action in appellants' second amended petition. In both cases, the cause of action successfully demurred to corresponded to Issue (2), above. Consequently, only the first and third issues were tried before the court. The District Court found generally in favor of the LENRD and specifically found that the LENRD had secured the written approval of the Nebraska Game and Parks Commission prior to the adoption or development of plans for the Willow Creek Project.

In their appeal, the appellants contend that plans for the Willow Creek Project were "adopted" and "developed" by the LENRD, within the meaning of Neb. Rev. Stat. § 2-3229 (Reissue 1977), before they were submitted to or approved by the Nebraska Game and Parks Commission. The pertinent portion of the statute was as follows: "Plans for development and management of fish and wildlife habitat and recreational and park facilities shall be approved in writing by the Game and Parks Commission prior to their adoption or development."

It is asserted by the appellants that the engineering studies and other preparations conducted by the LENRD violated the express language of § 2-3229. We are not persuaded by this contention. The District Court found:

> [T]he question of the Game and Parks Commission approval boils down to what actions amount to . . . adoption of the plans or development of the plans . . . . I certainly wouldn't argue that $44,000 is a lot of money, but this is a 5.2 million dollar project and I think the amount spent on the preliminary

studies and feasibility studies or the type undertaken here, have to be judged in light of the size and complexity; size and cost of the project . . . .

[I]t is certainly reasonable that a district get some engineering studies and develop the plans so that they are in somewhat of a final form before they go to the commission for approval.

As noted earlier, on December 16, 1977, the Nebraska Game and Parks Commission gave its written approval for the Willow Creek Project pursuant to § 2-3229. The trial court found, and the record supports the finding, that the LENRD adopted the plan on June 22, 1978, subsequent to the approval of the Game and Parks Commission. The assignment is without merit.

Appellants' second contention alleges the court erred in sustaining appellees' demurrer. The appellants' second amended petition contained a second cause of action which alleged that the Willow Creek Project was not economically feasible, technically feasible, environmentally sound, or in conformance with the Nebraska state water plan. In each of these areas, an essentially legislative judgment is to be exercised. No breach of a specific statutory requirement is pointed out to us. The determination is not within the scope of judicial review. As we said in *Twin Loups Reclamation & Irr. District v. Blessing*, 202 Neb. 513, 515, 276 N.W.2d 185, 187 (1979):

Appellants first assert that the trial court erred in refusing to pass on the feasibility of the project. We agree with the trial court. The Legislature clearly authorized the courts to pass on the validity of contracts of the district. *It did not, and possibly could not, delegate to the courts the authority to pass on the wisdom of the project themselves* . . . . There can be little doubt that in determining to

enter into a contract, the district was acting in a legislative capacity. It is not the function of the court to act as a super-legislature, and that power cannot be delegated to us.

(Emphasis supplied.)

Finally, we consider appellants' third contention: That the LENRD violated Neb. Rev. Stat. § 46-233 (Reissue 1978) by failing to obtain a water permit for the Willow Creek Project. Section 46-233 provides, in part, as follows:

(1) The United States of America and evéry person hereafter intending to appropriate any of the public waters of the State of Nebraska shall before (a) commencing the construction, enlargement, or extension of any works for such purpose, [or] (b) performing any work in connection with the same . . . make an application to the Department of Water Resources for a permit to make such appropriation . . . .

The District Court found that an application for a water permit under § 46-233 is not required until actual construction work at the site is commenced.

No actual construction has been undertaken and the preliminary engineering and feasibility studies are not included within § 46-233(1)(b). Whether condemnation proceedings, acquisition of land, or letting contracts for construction are within that subsection is not before us and is not decided.

Finding no error, we affirm the decision of the District Court.

AFFIRMED.

CLINTON, J., not voting.